IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY ALAN URBANEK,

                OPINION AND ORDER

      Plaintiff,

                18-cv-201-bbc

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Gregory Alan Urbanek is seeking judicial review of an adverse decision denying his claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). An administrative law judge concluded that although plaintiff suffered from a number of severe impairments, he retained the residual functional capacity to perform full time work at the light exertional level, either performing his past relevant work as a production assembler or working as a cleaner, mail clerk or routing clerk.

  Plaintiff challenges the administrative law judge's conclusion, contending that it was based on a flawed hypothetical question that did not directly address plaintiff's limitations in concentration, persistence and pace. I conclude that the administrative law judge's hypothetical question was adequate in this instance because it relied reasonably upon the medical expert's narrative residual functional assessment of plaintiff's mental abilities.

1

Therefore, I will affirm the acting commissioner's decision denying benefits.

The following facts are taken from the administrative record. (AR)

## FACTS

### A. Background

Plaintiff was born on July 21, 1969. He was 49 on his alleged disability onset date and has at least a high school education. AR 32. He meets the insured status requirements of the Social Security Act through June 30, 2021 and has not engaged in substantial gainful activity since September 17, 2014, the date on which he alleges his disability began.

### B. Administrative Hearing

The administrative law judge held a video hearing in plaintiff's case on February 1, 2017. Plaintiff appeared with counsel in La Crosse, Wisconsin, and testified on his own behalf. Also testifying were impartial medical expert Dr. Ellen Rozenfeld, a psychologist, and impartial vocational expert Matthew E. Sprong.

Plaintiff testified that he was working as a general laborer, but was able to do so for only four hours a day, five days a week, and that he did "just general stuff like running a little small machine" or pushing a broom and cleaning around machines. AR 45. He said he had a number of disabilities, including severe sleep apnea, Tourette's syndrome and back problems, but these can be ignored because he does not contend that any of these problems are the cause of his disability. Instead, plaintiff focuses only on his mental impairments and

cognitive deficiencies.

Plaintiff has been living with his parents since some time after he volunteered in 2008 to be laid off by WalzCraft, his employer at the time. AR 48. He finds it hard to do chores around his parents' house because of his disabilities, AR 49, so his parents do the yard work and grocery shopping. AR 58. He also testified that he had a driver's licence and drove 27 miles each way to work for his current employer. Id. He said he was able to sit or stand in one place for only about ten minutes before feeling the need to move around. AR 55. When he has tried to work more than four hours a day, he found he could not think clearly and had a hard time driving home. AR 56. In addition, he said his back pain prevented him from lifting more than 10 pounds at a time. AR 57.

1. Medical expert

The administrative law judge called Dr. Ellen Rozenfeld, a licensed psychologist, to testify as a medical expert familiar with Social Security matters. Dr. Rozenfeld reviewed plaintiff's medical records dating from 2014 and concluded that he was grossly oriented and attentive; his memory for immediate, recent and remote events seemed grossly intact; his judgment and insight appeared to be full; and he appeared acutely sensitized to his symptoms and problems. AR 62-63. She noted that plaintiff had a history of a learning disability, verbal comprehension in the borderline range, perceptual reasoning well within the average range and a general ability index in the low-average range. AR 62. She thought plaintiff's ability to process new information might be slowed by his emotional response to it. AR 63.

Dr. Rozenfeld also testified that the record supported the presence of severe impairments, but she did not see the severity of the symptoms reflected in the mental status findings or the findings of the neuropsychological evaluation that she reviewed. Id. Her own reading of the therapy notes was that plaintiff's "attention and concentration should be sufficient to complete [tasks of a simple, routine nature] based on psychological issues." AR 63-64. She concluded that plaintiff had no more than moderate limitations in the four areas of (1) understanding, remembering and applying information; (2) in interacting with others; (3) in the ability to concentrate, persist and maintain pace and (4) in his social functioning, including the ability to manage or adapt himself. AR 61-65. It was her opinion that plaintiff would do best in a predictable work setting, with routine workplace changes and simple decision-making. AR 64. She thought he had sufficient attention and concentration to complete tasks of a simple, routine nature, to interact with others and have occasional contact with persons in the work place. AR 63-65.

2. Vocational expert

Vocational expert Matthew Sprong testified that plaintiff had performed work as a general laborer, which Sprong classified as machine operator II and described as heavy work, and that plaintiff had also worked as a production assembler, which was light work. AR 66. In his opinion, the production assembler job could be performed by a person of plaintiff's age, education and work experience who had the residual functional capacity to perform light work as defined in the regulations, limited to performing simple, routine tasks requiring no

4

more than short and simple instructions, simple work-related decision making and few workplace changes. (He also testified about limitations involving climbing, balancing, stooping, etc., but plaintiff's ability to perform these activities is not in dispute and can be ignored for this opinion.) Further, Sprong testified that such a job could be performed by someone capable of maintaining occasional contact with the general public of a brief, superficial and incidental nature and occasional interaction with co-workers, and who could work in proximity to others but with no shared or "so-called tandem tasks." AR 66-67.

In Sprong's opinion, plaintiff could perform work as a housekeeping cleaner, DOT 353.687-014; mail clerk, DOT 209.687-026; or routing clerk, DOT 222.687-022, all of which are classified as light and unskilled. AR 67-68. If the numbers were reduced by 35% to reflect the fact that many of these jobs are performed around a moving conveyor belt and would be inappropriate for someone of plaintiff's skills and strength, there would still be 55,700 jobs available as a mail clerk, with many thousands more jobs available for the positions of housekeeping cleaner or routing clerk. Id. Sprong testified that even if plaintiff had to remain seated, he could work as a final assembler, dowel inspector or stocker. AR 68-69.

3. Additional medical opinions

Debra Pape, a Disability Determination Services psychological evaluator, reviewed plaintiff's file and found that he had the mental residual functional capacity to work in a structured environment performing simple tasks requiring up to three steps; he would be

capable of getting along with supervisors and coworkers without major conflict; and he would work best in an environment that did not require frequent public contact. AR 31 (citing exh. C2A at 11-13). In April 2015, a second DDS evaluator, Thomas Yared, M.D., reviewed plaintiff's file and concurred with Dr. Pape's findings. Id. (citing exh. C4A at 12-14).

## C. Administrative Law Judge's Findings

As noted, plaintiff is contesting only the determination that he has adequate concentration, persistence and pace to perform his past relevant work. On the subject of plaintiff's mental impairments, the administrative law judge found that plaintiff had no more than moderate limitations in his ability to understand, remember or apply information. AR 26. She also found that plaintiff's "daily activities were not limited to the extent one would expect given his allegations." Id. Although plaintiff said he could not remember spoken instructions, could pay attention for only about 30 minutes, needed assistance with household chores and that his parents did most of the outside chores, the record indicated that he performed a variety of activities, including helping mow his parent's yard and shovel snow with frequent breaks. He also drove a car, prepared simple meals, read a newspaper, attended church services, had friends, paid bills and handled a savings account.

The administrative law judge took into consideration plaintiff's reported feelings of nervousness around authority figures but observed that he visited family occasionally and had never been laid off from a job or fired and that he engaged in a number of outside activities. In addition, his medical providers characterized him as cooperative and pleasant. AR 18

(citing AR 411, 502, 518, 613 and 617).

With respect to the critical question whether plaintiff could concentrate, persist and maintain pace, the administrative law judge found that plaintiff had moderate limitations, but that he was able to engage in a number of activities and was able to concentrate well enough to travel 27 miles each way to work at a part-time job, as well as take part in other activities. Although plaintiff reported that he did not handle stress or changes in routine "well at all," the administrative law judge observed that he has been able to work with several different employers, handling different tasks, and that his work reports showed only one verbal notification of a problem and that had occurred in 2003, many years before his reported onset of disability. AR 19. In fact, plaintiff had positive reports on his work in all categories except attendance. AR 19. In 2016, he reported having received no work complaints. Id.

In reaching her conclusion that plaintiff had the moderate ability to concentrate, persist and maintain pace, the administrative law judge considered the symptoms that plaintiff had alleged, along with Dr. Rozenfeld's testimony and the evidence of plaintiff's activities. She was persuaded that although it was undisputed that plaintiff had uneven cognitive abilities, the notes from his therapy sessions and the results of his mental status and neuropsychological examinations did not support a finding that his impairments met or equaled a listing under the category of mental disorders set out in Pt. 404, Subpt. P, App. 1, 12.00. In addition, the administrative law judge found that the mental status findings did not support a marked limitation in his ability to concentrate or pay attention. AR 64-65.

7

Relying on the vocational expert's testimony, the administrative law judge found that plaintiff was capable of performing his past relevant work as a production assembler, as well as the additional jobs the expert had identified, including housekeeping cleaner, mail clerk or routing clerk.

OPINION

Plaintiff's sole contention is that the administrative law judge's hypothetical question to the vocational expert regarding concentrating, persisting and keeping pace was flawed and led to an erroneous determination that he is not disabled. Specifically, he contends that the hypothetical question was inconsistent with the administrative law judge's finding that plaintiff had moderate limitations in concentration, persistence and pace and improperly equated moderate limitations in concentration persistence and pace with unskilled work. Plaintiff also contends that the administrative law judge relied improperly on Dr. Rozenfeld's testimony, because Rozenfeld did not adequately explain how plaintiff was limited by his moderate impairments in concentration, persistence and pace.

As plaintiff points out, the Court of Appeals for the Seventh Circuit has made clear that an administrative law judge must orient the vocational expert to all of a claimant's limitations, including those in concentration, persistence or pace. O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010) ("[T]he ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony

8

constitutes substantial evidence of the jobs a claimant can do."). Although the administrative law judge does not need to use the magic words "concentration, persistence or pace," the record must show that the vocational expert was aware of the claimant's particular limitations. Yurt v. Colvin, 758 F.3d 850, 857-58 (7th Cir. 2014). The court of appeals has held that an administrative law judge must explicitly address the limitations in the hypothetical unless one of three exceptions applies: (1) the vocational expert was independently familiar with the claimant's medical file; (2) the hypothetical adequately apprised the vocational expert of the claimant's underlying mental conditions; or (3) the hypothetical otherwise accounted for the limitations using different terminology. Lanigan v. Berryhill, 865 F.3d 558, 565 (7th Cir. 2017).

As to the first two exceptions, the vocational expert was present at the hearing at which Dr. Rozenfeld testified regarding plaintiff's mental impairments. Dr. Rozenfeld discussed plaintiff's therapy notes, mental status examination findings and the results of neuropsychological examinations, concluding that they did not show that plaintiff had more than moderate limitations in concentrating, persisting and maintaining pace. AR 62-64. Moreover, under the third exception, the administrative law judge's hypothetical accounted for plaintiff's limitations by limiting plaintiff to "simple, routine tasks, requiring no more than short, simple instructions, simple work-related decision making with few workplace changes . . . [and] occasional contact with the general public . . . but no shared or so-called tandem tasks." AR 67.

Plaintiff argues that the commissioner may not rely on the third exception because

the administrative law judge's use of the terms "simple, routine tasks" and "short, simple instructions, simple work-related decision making with few workplace changes" and "no shared or so-called tandem tasks" fails to account for plaintiff's specific limitations in concentration, persistence or pace. Specifically, plaintiff argues that the types of limitations the administrative law judge included in her residual functional capacity assessment and the hypothetical question are general functional limitations related to unskilled work that do not address a claimant's general deficiencies in concentration, persistence or pace. I disagree.

The administrative law judge in this case did not merely assume that simple, routine and repetitive tasks would account for plaintiff's limitations in concentration, persistence or pace. Rather, she relied on the expert testimony of Dr. Rozenfeld, who concluded that plaintiff's limitations in concentration, persistence and pace would be accommodated by limiting plaintiff to simple, routine tasks. AR 63-64. Additionally, although the administrative law judge only gave some weight to the opinions of Dr. Pape and Dr. Yared, their opinions are generally consistent with Dr. Rozenfeld's assessment as well. AR 31. Dr. Pape gave the opinion that plaintiff was moderately limited in maintaining concentration but appeared capable of performing simple tasks in a routine setting without special supervision. AR 132.

The Court of Appeals for the Seventh Circuit has held in both published and unpublished opinions that an administrative law judge is entitled to rely on a medical expert who "effectively translate[s] an opinion regarding the claimant's mental limitations into an

RFC assessment." Milliken v. Astrue, 397 Fed. Appx. 218, 221 (7th Cir. 2010). See also Capman v. Colvin, 617 Fed. Appx. 575, 579 (7th Cir. 2015) (administrative law judge may reasonably rely on psychologist's "bottom line-assessment" in narrative section of residual functional capacity assessment, at least where it is not inconsistent with checklist findings in other section of worksheet); Johansen v. Barnhart, 314 F.3d 283, (7th Cir. 2002) (in formulating hypothetical for vocational expert, administrative law judge reasonably relied on physician opinion that plaintiff could perform low-stress, repetitive work).

That is the situation here. The administrative law judge reasonably relied on Dr. Rozenfeld's opinion, which is supported by Dr. Pape's and Dr. Yared's opinions, that limiting plaintiff to simple routine tasks requiring no more than short, simple instructions, simple work related decision-making and few workplace changes, would account for plaintiff's moderate limitations in concentration, persistence and pace. As the administrative law judge also noted, plaintiff has been holding down a half-time job working as a production assembler for several years. He is able to concentrate sufficiently to drive 27 miles each way to work and he engages in simple routine tasks on a daily basis. In light of this record, it was reasonable for the administrative law judge to conclude that plaintiff is not disabled.

ORDER

IT IS ORDERED that plaintiff Gregory Alan Urbanek's motion for summary judgment, dkt. #8, is DENIED. The final decision of defendant Nancy Berryhill, Acting

Commissioner of Social Security, denying plaintiff benefits, is AFFIRMED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 2d day of January, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge